[Civ. No. 9225.   Third Dist.   May 14, 1958.]

COUNTY OF YUBA, Respondent, v. JOHN H. MATTOON et al., Appellants.

Manwell & Manwell for Appellants.

Joseph L. Heenan and Francis M. Arnoldy for Respondent.

PEEK, J.—Defendants appeal from a judgment in favor of plaintiff in the sum of $1,400 for rent and $150 for damages.

It appears that plaintiff leased approximately 300 acres of land to defendants for the purpose of growing rice thereon during the season of 1955. The lease provided for a rental of 20 per cent of the gross crop proceeds, or in any event a minimum of $2,500. No rice was planted and plaintiff elected to sue for the minimum rent only. Plaintiff also sought damages in the sum of $150 for the alleged failure of defendants to conduct necessary rodent and pest control.

Defendants pleaded impossibility of performance by reason

of a government order limiting the amount of rice which they would be permitted to grow in that year. Prior to said order defendants had also obligated themselves to plant rice on land leased from others, or a total of approximately 500 acres. Defendants' allotment permitted them to farm 287 acres of the total acreage under lease. They elected to allow plaintiff's land to remain idle and to devote their entire allotment to the land leased from others.

Defendants' attempt to show complete impossibility of performance went no further than to establish partial impossibility; that is, the evidence disclosed that the acreage they were permitted to plant to rice amounted to about 58 per cent of the total acreage under lease. Under such circumstances defendants became obligated to prorate their allotment among their various lessors. (*Akins* v. *Riverbank Canning Co.*, 80 Cal.App.2d 868, 872-873 [183 P.2d 86].)

The applicable rule is set forth in Restatement of the Law of Contracts, section 464, subsection 1, as follows: "Where a promisor makes two or more bargains and facts then exist or subsequently occur that on grounds of impossibility prevent the imposition of a duty to perform all the promises in their entirety, or that discharge a duty to do so that has arisen, but partial performance capable of ratable apportionment to the several bargains is possible, the promisor is under a duty to make such apportionment and is otherwise discharged. . . ." (See also Williston on Contracts, rev. ed., vol. 6, p. 1962.)

The present case was tried to a jury and the court instructed it upon the theory of impossibility of performance, saying among other things: "You are instructed that the order of the Department of Agriculture of the United States, given to the Defendant on or about January 25, 1955 and introduced as evidence herein, curtailing his rice farming operations for the year 1955 is a fortuitous event as defined in these instructions, and is a matter you may consider with other facts and circumstances in determining whether the Defendant is to be excused from the performance of the lease by him in the year 1955." Other instructions along the same line were given and there is no complaint that the jury was not properly instructed. The court also told the jury that if a government regulation did not entirely prohibit defendant from farming the leased premises but only limited or restricted his operation thereon, thereby making it less profitable and more difficult to perform the lease, the same was not

terminated and defendant was not excused from further performance.

Plaintiff proved a prima facie case for recovery of the minimum rental. It might have sued (but was not required to) for a greater sum based upon the damages it suffered through the failure of its lessee to farm the land and to account to it for its share of the crop proceeds. That it was willing to content itself, however, with the minimum rental was a matter for it to determine and defendants cannot complain. Defendants did not prove a release from the lease as they attempted to do, and the jury properly held them to some liability. While it is impossible to determine from the record here just how the jury arrived at its verdict of $1,400, it does appear that this sum represents approximately 58 per cent of the minimum rental, and therefore that the jury may have applied the ratable performance rule to the minimum rental. It is not necessary for us to decide whether the partial relief shown could apply to the minimum rental. Under the pleadings and the evidence, the jury gave defendants more relief than, under any theory, they were entitled to. The defendants have not been aggrieved, and therefore the judgment must be affirmed.

Defendants contend further that they were erroneously prevented by the court from introducing evidence concerning difficulties they met in financing their farming operations. Such matters were immaterial to the issues and the court properly excluded the offered proof. (Williston on Contracts, rev. ed., p. 5412.)

The order denying defendants' motion for a new trial not being appealable, their purported appeal therefrom is dismissed. The judgment is affirmed.

Van Dyke. P. J., and Schottky, J., concurred.